[No. 22827. Department Two. March 27, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM J. EGGLESTON, *Appellant*.[1]

*Anderson & Richards* and *Earl W. Husted,* for appellant.

*Charles R. Denney* and *F. W. Mansfield,* for respondent.

[1]Reported in 297 Pac. 162.

BEELER, J.—The·defendant shot and killed Walter Engstrom on July 5, 1929. On July 8, 1929, an information was filed, in which he was charged with the crime of murder in the first degree. An oral plea of not guilty was entered to the information, and shortly thereafter the following supplemental written plea of mental irresponsibility was filed:

"Upon information just received and not known at the time the original plea was entered, defendant now pleads not guilty to said information and further pleads that at the time of the commission of the offense charged in this information the said William J. Eggleston was insane and mentally irresponsible; that said insanity and mental irresponsibility does not now exist; that he has recently become responsible and sane."

On these issues a verdict of guilty was returned of murder in the second.degree. A motion for a new trial was made and overruled, and judgment was entered upon the verdict. The defendant was sentenced to imprisonment for not less than ten years nor more than fifteen years. From this judgment and sentence, the defendant has appealed.

Parenthetically, it may be said that the record on appeal is extremely fragmentary. The bill of exceptions contains no instructions, no evidence offered by appellant, its contents being limited to the testimony of two doctors who testified for the state in rebuttal, and one of whom also testified for the state in chief. Apparently, appellant's counsel considered the record as thus certified sufficient, although extremely abbreviated, as the several assignments of error relate principally to the testimony of the two physicians admitted over appellant's objections.

The circumstances surrounding the shooting may be briefly narrated: Prior to and on July 5, 1929, appellant lived in a small boat house in or near the city of

Everett, and on that day appellant, Walter Engstrom, and three or four other persons met at his boat house and engaged in a liquor party. It appears that all of the parties left the house except appellant and Engstrom, and that sometime later Engstrom departed, but soon returned and wanted to trade his watch for some moonshine whiskey.

Shortly after the shooting occurred, appellant was found in his house and placed under arrest and taken to the county jail, where at first he denied knowing the deceased; but, after being questioned for several hours, stated that, when Engstrom returned to purchase the moonshine liquor, he told him to get out and took him by the arm and led him away; that a short time later Engstrom returned, and after some argument, he led him away again; that he watched Engstrom and saw him coming back, at which time he went into another room of the house, procured a shotgun, came out and pointed the gun at Engstrom, and while doing so, the gun was discharged; that Engstrom fell and that he went over and found he was dead; that appellant then became frightened, threw the gun and shells into the river and called on a near-by bridge tender and told him that there was a dead man down by his house and wanted him to phone the sheriff and coroner, and further stated that he did not want anybody to think that he did it.

Dr. D. A. Nicholson, a specialist on mental diseases, examined the appellant at the county jail a few days before the trial, which occurred in September, 1929. The doctor informed appellant who he was, and that he had been requested by the prosecuting attorney to examine him. It appears that the examination consumed about three quarters of an hour, during which time appellant offered no protest nor resistance, but, on the contrary, answered all questions freely and

voluntarily, and was at no time placed under duress or undue influence either by the doctor, sheriff or anyone else. This examination, however, was made without the knowledge or consent of appellant's counsel.

The doctor, who was present in court and heard all of the testimony for the defense, including that relating to the defense of insanity, was called by the state in rebuttal and was permitted to state as his opinion, based on the testimony of the defense and on the statement made by appellant at the time of his examination at the county jail, that appellant at the time of the shooting was sane. He was asked:

"Q. Assuming all of the testimony given by the defendant's witnesses is true and having heard the statements and testimony of the defendant regarding the shooting, what is your opinion as to whether or not the defendant was sane or insane at the time of the shooting?

"Mr. RICHARDS: I am going to object to that as that isn't the testimony. He could not ask him a hypothetical question based on certain facts and reasons."

The court in ruling upon the objection advised appellant's counsel that he might add to or eliminate from the question on cross-examination any part of the testimony he desired.

"By THE COURT: You may add to it, and eliminating from it any part of the testimony you desire on cross-examination and assuming all of the *testimony given by the defendant's witnesses to be absolutely true* then I will permit him to give his opinion as to whether or not the defendant was insane or mentally irresponsible at the time of the shooting.

"Mr. DENNY: That is the question.

"THE COURT: He may answer that question.

"A. At the time of the shooting I believe he was sane."

Permitting the doctor to answer the above question, is assigned as error. It must be borne in

mind that Dr. Nicholson was present in court and heard all the testimony offered by the defense, including that of Dr. Ebert, appellant's expert witness. Where the witnesses are few and the testimony is not voluminous, complicated or conflicting, an expert witness may be asked to state his opinion based on the assumption of the truth of what he has heard. Hence the question was proper.

The case of *State v. Spangler,* 92 Wash. 636, 159 Pac. 810, where the facts in many particulars are quite similar to the facts in the case now before us, presented the same question, and we there said:

"It is claimed that it was error to permit the witness to give his opinion based upon his understanding of the testimony of other witnesses as he had listened to it during the trial. . . . the evidence was properly admissible for the reason that there was no substantial conflict in the testimony of the witnesses upon which the opinion of the witness as to the sanity of the accused was partially based. The rule is that such a question is proper where based upon the testimony of a single or a few witnesses in whose testimony there is no substantial conflict, so that it is not probable that the expert witness and the jury understood the testimony differently. 1 Thompson, Trials (2d ed.), § 595; *Cornell v. State,* 104 Wis. 527, 80 N. W. 745.

"In the case last cited, speaking upon a similar question, it was said:

" 'That such question is proper where based upon the testimony of a single or a few witnesses, whose testimony is not conflicting, so that there is no likelihood that the expert witness and the jury can understand it differently'."

"The broad rule that an expert who has heard all the evidence may be asked his opinion, based on an assumption of the truth of what he has heard, is supported by a number of authorities, and the only limitation placed thereon, outside of Wisconsin, is that such testimony must be without substantial conflict,

except that in *Hunt v. Lowell G. L..Co.,* 8 Allen, 169, 172, the fact that it is not complicated is suggested as supporting the propriety of the question. The following are the more important and direct cases in which the subject is discussed: *Fairchild v. Bascomb,* 35 Vt. 398; *State v. Hayden,* 51 Vt. 296; *Woodbury v. Obear,* 7 Gray, 467; *Hunt v. Lowell G. L. Co., supra;* *Negroes Jerry v. Townsend,* 4 Md. 145; *State v. Cole,* 94 N. C. 958; *Kempsey v. McGinniss,* 21 Mich. 123; *Getchell v. Hill,* 21 Minn. 464; *State v. Lautenschlager,* 22 Minn. 521; *Storer's Will,* 28 Minn. 9; Rogers, Exp. Test. 70, 71." *Cornell v. State,* 104 Wis. 527, 80 N. W. 745.

The appellant, during the examination made by Dr. Nicholson, stated that, about ten or twelve years previous, he had suffered from a chronic venereal disease, and that he had been a drinking man for about twenty-five years "on and off." The doctor, while testifying concerning the nature and the extent of the examination made of appellant, narrated these admissions, and the circumstances under which appellant had made them, to the jury. The introduction of this evidence is assigned as error. However, this particular testimony went in without objection. While it is true that, shortly previous thereto, as the doctor began to detail the conversation he had had with the appellant while examining him at the jail, an objection was made to the testimony he was then giving, which objection was by the court overruled, still that testimony was merely preliminary and wholly harmless. It was thereafter and while making an extended answer that the doctor testified concerning the statements and admissions made to him by appellant at the county jail regarding his venereal disease and drunkenness. This testimony having been admitted without objection, no error can be predicated thereon.

Appellant next contends that the court erred

492

in permitting Dr. Nicholson to testify that drunkenness in its ordinary acceptation is not insanity. The argument seems to be that this was not a question for an expert witness. In view of the abbreviated record before us, we are not fully advised as to the amount or the character of the evidence offered by appellant concerning intoxication, except as we gather it from the statements contained in the briefs that considerable evidence relating to the effect of the use of intoxicating liquor was offered by appellant in support of his defense of temporary insanity.

■ Appellant next claims that the court erred in admitting in evidence state's exhibit "A", being a photograph showing the effect of the gun shot wound on the body of Walter Engstrom. With this we cannot agree.

· ■ Appellant next contends that the court erred in permitting Dr. William D. Smith, called in rebuttal by the state, to express his opinion whether appellant was sane or insane, responsible or irresponsible, at the time of the shooting. The doctor testified he had known appellant fifteen or twenty years, and that, while he had not treated many patients for mental disturbances or mental diseases, yet he had treated some, and had also acted as an examiner for patients sent to an insane hospital. In view of this testimony, coupled with the further fact that, while the doctor was on the stand as a witness for the state in its case in chief, appellant's counsel admitted his general qualifications, we are unable to find error in this assignment.

The judgment is affirmed.

TOLMAN, C. J., BEALS, MILLARD, and FULLERTON, JJ., concur.