MT. ROYAL CAB CO., INC., ET AL. *v.* WILLIAM E. DOLAN

[No. 15, April Term, 1935.]

*Decided May 21st, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Walter L. Clark,* with whom was *J. Gilbert Prendergast* on the brief, for the appellants.

*L. Wethered Barroll* and *W. Albert Menchine,* for the appellee.

SHEHAN, J., delivered the opinion of the Court.

An action was brought in the Court of Common Pleas of Baltimore City by William E. Dolan, appellee, against the Mt. Royal Cab Company, Inc., Joseph F. Smith, trading as the Mt. Royal Cab Company, and Clarence M. Hoey, appellants, for personal injuries sustained by the appellee on January 28th, 1933, as the result of a collision between a cab owned or operated by the appellants, and an automobile belonging to the appellee, plaintiff, and operated by him. A judgment in favor of the plaintiff for the sum of $4,500 was entered on September 28th, 1934, and from that judgment this appeal is taken.

In this case the only question for our consideration relates to the admissibility of certain testimony of Dr. Milford Levy, a witness produced upon the part of the plaintiff, and at the end of the testimony in chief of the plaintiff.

Several witnesses were produced by the plaintiff, among them Dr. Sheehan, a professor in the Medical School of Yale University, and a brother-in-law of Mr. Dolan. Throughout his testimony Dr. Sheehan expressed numerous opinions, inferences, and conclusions pertaining to the injuries of the appellee, and their effect upon him, all of which were based upon his examination, observation, and professional knowledge. Other witnesses

also expressed their opinions and conclusions concerning these injuries and their effect, based upon observation and contact with the plaintiff. With this general situation in regard to the testimony given by both expert and lay witnesses, Dr. Levy was called as an expert, and asked the following question:

"Now, Doctor, based upon that testimony you have either heard or have just had read to you, and assuming that it is all true, will you state to the jury what in your opinion is the cause of the condition that you have found to exist in this patient, the plaintiff, Mr. Dolan, at the time you examined him on September 22nd, last?" Over the objection of the defendant the witness was permitted to answer the question. Dr. Levy then answered, as follows, "Having heard the evidence in this case, and assuming the evidence to be true, plus the result of my examination and investigation of Mr. Dolan, it is my belief that this condition is the result of an injury to his brain, cerebral concussion at the time of the injury, plus the effects of a marked nervous reaction as the result of the severe shock he received at the time of the accident."

It will readily be observed that there is incorporated in the hypothetical question propounded to Dr. Levy the conclusions and opinions of expert and lay witnesses in relation to the alleged injuries, and the results occasioned thereby, which were assumed to be true and to be so considered by him in answering.

It has been consistently held by this court that the opinion of an expert, however qualified to speak, cannot be predicated, either in whole or in part, upon the opinions, inferences, and conclusions of others, whether such opinions, inferences, and conclusions be expressed by expert or lay witnesses. It is true that a witness who is qualified as an expert, who has heard the entire testimony in the case, and who assumes the truth of it all, may base his opinion upon such testimony, where not conflicting, except that the opinions of others may not be incorporated in the question or taken into account in giving his answer, each of which was erroneously done, as shown

in both the questions and answers, which is the basis of this exception.

Dr. Sheehan testified with regard to the plaintiff's injuries, and the result of same, as follows: "He might possibly have had some injury to some one of the nerves leading down from the head to the stomach, and possibly some reflex irritation." He was asked: "Q. Will you kindly state whether you attribute that to the effect of the accident? A. Absolutely due to the accident. Q. Do you attribute that as a consequence of the accident? A. Positively. Q. Do you attribute that (headaches) to the accident? A. I do. Q. Why was this man nervous? A. More or less shock to his system, going through a very trying ordeal." He further expressed the opinion, "The headache that he complained of I attribute due to blood pressure being reduced sixteen points and also to the injury to the back of his neck." "He could have had some injury to his system. * * * He could have had some internal injury." The witness stated that the condition was "positively and absolutely due to the accident."

Mrs. Dolan, a witness upon the part of her husband, testified: "Q. Was he internally injured? A. Well, I should say that in my opinion, it is my opinion that he must have been."

In this case there was other testimony of this kind. All of this, and similar evidence, with an assumption of its truth, was included in the question which is the subject of the exceptions. There is no doubt that the question was improper and should not have been permitted.

In the case of *Quimby v. Greenhawk*, 166 Md. 335, 340, 171 A. 59, 61, this court, speaking through Judge Parke, in an extensive and exhaustive opinion, has completely reviewed the law and supporting cases in this state, and succinctly states these conclusions: "Although a medical expert may base his opinion upon the facts testified to by another expert, the witness may not have submitted to him, as a part of the facts to be considered in the formation of his inference and conclusion, the opinion of such other expert on all or some of the facts to be considered

by the witness from whom the answer is sought. To do so would destroy the premises of fact upon which an expert, by reason of his own peculiar technical skill and knowledge, is permitted to give in evidence his own inference and opinion. *Globe Indemnity Co. v. Reinhart,* 152 Md. 429, 137 A. 43; *McComas v. Wiley,* 134 Md. 572, 108 A. 196; *Williams v. State,* 64 Md. 384, 1 A. 887; *Kelly v. Kelly,* 103 Md. 548, 63 A. 1082; *Coughlin v. Cuddy,* 128 Md. 76, 96 A. 869; *Harris v. Hipsley,* 122 Md. 418, 89 A. 852."

In the case of *Scheller v. Schindel,* 153 Md. 547, 548, 138 A. 415, 422, the witness, having said he had heard all the testimony, was asked, "Assuming that testimony to be true and based upon that testimony and upon your own personal contact with Dr. Scheller, and with your medical knowledge, could you form an opinion as to whether or not Dr. Scheller was suffering from a disease?" Over the objection of counsel the witness was permitted to answer, and this court held that there was error in that ruling because "The assumption includes the correctness of the opinion of Dr. Watkins and of the opinion of Dr. Schindel, which the court held did not amount to more than a guess."

The above statement of the law and supporting cases peculiarly applies to the question here presented. Much of the testimony in the instant case, aside from the facts relating to the accident, which were not questioned, is that given by Dr. Sheehan, which includes inferences, conclusions, and opinions, and by the form of the questions propounded to Dr. Levy, all of this testimony was submitted to him and assumed to be true, and is a part of the premises in fact upon which Dr. Levy was directed to, and did, predicate his answer, because in his answer he stated that, in arriving at his conclusions, he assumed all the testimony he had heard in the case to be true, plus the result of his own examination and investigation, and upon this he arrived at his conclusions. It would be difficult to find a case that would more completely fall within the rules laid down in *Quimby v. Greenhawk* and *Scheller*

*v. Schindel, supra,* and the numerous cases therein cited. It is our opinion that the court erred in overruling the objections to the question and permitting the witness to answer it.

It is too well established in this state to require any discussion or authorities that an expert witness who has heard all the evidence in the case may be asked his opinion, based upon the assumption that all such evidence is true. In *Quimby v. Greenhawk, supra,* it is stated, "It has been the practice in this jurisdiction for some years to permit an expert to express an opinion upon facts in the evidence which he has heard or read, upon the assumption that these facts are true." To the same effect is *Quimby v. Greenhawk, supra,* and the numerous cases cited therein in support thereof. Nevertheless this rule has its qualifications and limitations, in that opinions and conclusions of an expert witness may not be predicated upon the opinions and conclusions of other witnesses, or upon conflicting testimony that is material to the issue.

As to the second exception, the question and answer apparently is merely an amplification and extension of the question and answer which forms a basis of the first exception, and, being so related, we think the court erred in overruling the objection to that question.

The third and fourth exceptions were not referred to in the appellants' brief or in the argument, and are not considered herein.

From what we have stated above, our conclusions are that the judgment from which this appeal is taken should be reversed

> *Judgment reversed, and case remanded for a new trial; costs to be paid by the appellee.*