TRAVELERS INSURANCE COMPANY *v.*
SAMUEL NEEDLE
[No. 71, October Term, 1936.]

*Decided January 20th, 1937.*

**518**

The cause was argued before BOND, C. J., PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William L. Marbury, Jr.,* and *Jesse Slingluff, Jr.,* with whom were *Marbury, Gosnell & Williams* on the brief, for the appellant.

*Daniel S. Sullivan,* with whom was *Daniel S. Sullivan, Jr.,* on the brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This appeal is from a judgment of the Superior Court of Baltimore City against the Travelers Insurance Company, a body corporate.

Samuel Needle, appellee, sued this company on six policies of insurance that provided for permanent total disability benefits. The questions presented in this appeal are but two, and both relate to the admissibility of the testimony. The principal question concerns the offer in evidence of certain medical certificates filed with and as a part of the proof of disability, as required by the terms of the policies. There were also exceptions to questions, in the language of the policies, propounded to medical experts, for the purpose of obtaining their opinions as to the physical condition of the plaintiff as affecting his permanent and total disability and right of recovery, which was the sole issue in the case.

As to the first proposition, it has been established in this state that proofs of loss in insurance cases generally cannot be offered in evidence for the purpose of showing the fact or the extent of the plaintiff's loss or disability, and it would be reversible error to allow such certificates of disability, or proofs of loss or injury, to be offered and admitted in evidence generally, without restrictions as to their purpose or effect. However, it is a part and one of

the necessary elements of proof in many cases, as in this, in compliance with the terms and requirements of the policies, to show that proofs of loss or proofs of disability or death have been submitted to the insurer, and for that purpose and such purpose only, they are admissible in evidence, and this purpose or offer may not be enlarged so as to supply other exigencies in cases, and this being so, when such proofs are offered, it becomes the clear duty of the trial court to instruct the jury as to the purpose for which they are admitted and the restricted consideration to be given them. The jury should not be left to consider them as it thinks proper. *Mutual Fire Ins. Co. v. Ritter,* 113 Md. 163, 77 A. 388; *Royal Arcanum v. Brashears,* 89 Md. 624, 43 A. 866; *Modern Woodmen v. Cecil,* 108 Md. 357, 365, 70 A. 331; *Citizens' Fire Ins. Security & Land Co. v. Doll,* 35 Md. 89; *Mutual Life Ins. Co. v. Stibbe,* 46 Md. 302. On this question it remains for us to consider in what manner these offers were disposed of.

When the proofs of disability were presented at the trial, the learned judge properly and forcefully instructed the jury, and further emphasized these instructions, by directing that his statements be noted in the record, which was accordingly done. The record presents the following situation:

"(The Court): That is the proofs of loss. Note in the record that these proofs of loss are admitted merely as evidence of the fact that such proofs of loss were filed with the company and not as evidence of any independent fact recited therein.

"(Mr. Sullivan): Yes, sir, that has been my understanding all the way through.

"(Mr. Marbury): That, of course, is entirely satisfactory to us. I anticipate, however, there may be some difficulty arise about the use that would be made then of these in the argument to the jury.

"(The Court): That means that any argument has to be consistent.

"(Mr. Marbury): In other words, they cannot be used as argument of any facts therein?

"(The Court) : That is right. I just wanted to be sure that everybody understood the grounds of the admissibility."

With this admonition, and after the above discussion, the certificates or proofs of disability in form supplied by the appellant were admitted in evidence for the sole purpose of showing compliance with the requirements of the policies. The offer to admit compliance as to these proofs would not bind or require the plaintiffs to accept such proffer, and so long as he remained within his rights and the offers were made in the accepted manner and under the proper restrictions of the court, there can be no just complaint or grounds for reversal. Opposing counsel should not be permitted to direct the conduct of his opponent's case, or to interfere with it, or dictate the manner in which the case should be proven, so long as that opponent remains within the established rules of procedure and evidence, and the time and deliberations of the court are not unduly and unfairly disturbed.

In the case of *Modern Woodmen v. Cecil, supra,* where the proofs of death were admitted to have been furnished as required by law, and these proofs of loss covered thirteen pages of printed record, this court held that to have introduced this evidence would have been a useless consumption of time of the court and it was not reversible error, under the circumstances, to refuse the introduction of such testimony, nor would it have been error to have permitted the proofs of loss to be offered under proper restrictions. In the instant case the action of the court, under the conditions above recited, presents no error; the ruling in the above case was expeditiously made to save time and record. It would be largely in the discretion of the court to accept the admission that adequate proofs of loss had been duly filed or to admit in evidence such proofs of loss with proper reservations; as has been said, time and the deliberations of the court should be the guiding elements in that conclusion.

There is an exception to the testimony of Drs. Pincoffs, Seliger, and Needle. It is contended that the questions propounded to these witnesses were not designed to elicit

facts for the consideration of the jury, but rather to elicit an opinion as to what their verdict should be, in other words, that these witnesses were usurping the province of the jury by passing upon the issues presented by the pleadings. In this we do not agree. It was proper for the jury to consider and determine the credibility of these witnesses, the weight of their testimony, the satisfactory establishment of the facts from which these doctors drew their conclusions as experts, the correctness of their inferences, and such other consideration as they might have thought proper in arriving at their verdict. In the case of *American Oil Co. v. Metz,* 158 Md. 424, 451, 149 A. 4, 16, 565, it was stated by Judge Sloan that "a physician can always testify to facts ascertained by a personal examination. *Jones on Evidence* (3rd Ed.) sec. 378." The nature and extent of the appellee's injuries are facts to be determined in this case by competent evidence. These doctors did not speak from the opinions of others or base their conclusions on contradictory statements previously made. *Mt. Royal Cab Co. v. Dolan,* 168 Md. 633, 179 A. 54, 98 A. L. R. 1106; *Quimby v. Greenhawk,* 166 Md. 335, 171 A. 59.

The form of the questions propounded may be the object of some criticism, but, under the circumstances in this case, this does not constitute reversible error. The questions were designed to and did elicit comprehensive statements recounting in detail their contact with the appellee, the observations made as to his malady, and their conclusions and opinions with regard to the nature and extent of his disability, based upon their attention and treatment, which had continued since the year 1930. This testimony and their conclusion that the appellee, because of the progressive character of his affliction, had become permanently incapacitated, was evidence properly admitted for the consideration of the jury.

Finding no reversible error in the rulings of the court, the judgment must be affirmed.

*Judgment affirmed, costs to be paid by the appellant.*