Hajrt, J.
The question here in issue is whether the trial court erred prejudicially in overruling the claimant’s objections to hypothetical questions propounded to each of the two expert medical witnesses called by the commission, neither of whom attended the decedent during his lifetime, as to which they were *589 given voluminous exhibits to inspect and read. One such witness was asked to consider and the other to examine the facts they found as true from the exhibits, in forming their opinions, without making such facts known to the jury or having them particularized in the hypothetical questions.
An examination of the record discloses that the exhibits in question introduced at the trial of the case before the referee on rehearing and likewise introduced in the Common Pleas Court as a part of the transcript of the record consist of X-ray photographs, some of which are accompanied by findings of roentgenologists from an examination of such photographs, and daily progress hospital records made by nurses and physicians, including their opinions as to diagnosis and condition of decedent in respect to his symptoms, physical condition, treatment and progress from time to time. These exhibits were made by persons who were not under oath as to the statements recorded therein and who were not called as witnesses in the case.
The first such expert witness was Dr. Samuel Hantman, who was interrogated and who answered, as follows:
‘ ‘ Q. Doctor, I am about to ask you a hypothetical question based upon the facts in the instant case, and I want you to assume that the following facts are true and to disregard any other facts which you might have learned about this case, and base your answer to this hypothetical question solely upon the facts I am about to relate to you.
“First of all, Doctor, I want you to consider in this hypothetical question mutual exhibit X, the death certificate, which you have just reviewed, as well as claimant’s exhibits 1 through 23, inclusive, which are the hospital records of Frank Zelenka, and the X rays and interpretations of those X rays.
Í £ * # &
“Doctor, I want you to assume the foregoing facts to be true, and I will ask you whether you have an opinion based upon reasonable medical certainty as to whether or not there is a causal relationship between the injury of August 25, 1949, when Mr. Zelenka injured his right medial malleolus while at work, and his death on September 30, 1950, which, according to the death certificate, shows the disease or condition directly leading to death as diabetes mellitus with gangrene of the left foot.
*590 “Do you have an opinion, Doctor? Just yes or no.
“* * * [Objection; overruled.]
“A. Yes, I have an opinion.
“* * * [Objection; overruled.]
‘ ‘ Q. What is your opinion as to that, Doctor ?
“* * * [Objection; overruled.]
“A. In my opinion there is no causal relationship of any kind between the incident of August 25,1949, when Mr. Zelenka suffered fractures through the medial and lateral malleoli of his right foot and his death on September 30, 1950, from diabetes mellitus and gangrene of the left foot.”
A similar hypothetical question was propounded and submitted to the other expert medical witness, Dr. Alex Gross, and similar answers were given by him over the objection of the claimant.
The commission claims that no error intervened because of the introduction of expert testimony in the manner herein described, and that the Court of Appeals erred in reversing the judgment for the commission.
In the first place, the commission calls attention to the fact that the exhibits in question were introduced in evidence by claimant’s counsel as a part of her case. Counsel for the commission state, as follows, its position as to the form of the hypothetical questions propounded to its expert witnesses:
“There can be no valid contention that the manner of presentation of the question was such as to prevent his (counsel for plaintiff) intelligent cross-examination of the witness. The purpose of the hypothetical manner of presentation is to enable the jury to determine whether or not the assumptions propounded have been established by a preponderance of the evidence. It is the sole obligation of counsel conducting the cross-examination to so examine the witness as to determine points of flaw and weakness upon which the opinion rests. Depending upon his adversary’s manner of presenting the direct examination he may or may not find it necessary to inquire of the witness what facts in particular were vital to him in forming his opinion. Counsel must then apply his medical knowledge of the problem involved in an effort to test the witnesses’ conclusion in regard to these specific evidentiary facts which his cross- *591 examination has revealed to be crucial to the opinion. Thus, in the instant case simply because such evidentiary facts were ‘voluminous’ and made cross-examination difficult did not entitle him to aid from the commission counsel in conducting that cross-examination. All the material was there and available to counsel’s hand. The manner in which he worked and used it was a matter personal to his own skill and ingenuity.
“There can be no contention that the jury was unaware of the contents contained in the exhibits. The exhibits under discussion accompanied the jury when it retired to deliberate. Both physicians, as is shown by the hypothetical questions, were told to examine the exhibits and assume the truth of the entirety of their contents. There was no discussion whatsoever given to the witnesses to select and assume as true such information therein as they chose.”
Counsel for the commission cite in support of their contention the case of Hall v. Nagel, 139 Ohio St., 265, 39 N. E. (2d), 612, wherein it was held:
“When an X-ray picture admitted in evidence shows the juncture of the fragments of a broken bone and later pictures show the loss of such juncture, a physician qualified as an expert on the subject may express his opinion as to the cause of the separation of the bone fragments.”
It is the view of this court that the situation presented in the Hall case is not comparable to that presented in the instant case. There can be no valid objection to testimony of an expert witness as to inferences to be drawn from an examination of an X-ray photograph already in evidence and specifically called to his attention. In the Hall case there was no problem of contradiction in the evidence which would render uncertain in the minds of the jurors the basis for the opinion of the witness. In the instant case, no specific photograph was called to the attention of the witnesses, and the photographs were in certain instances accompanied by findings of roentgenologists with reference thereto, which roentgenologists were not under oath as to such findings and were not called to testify with reference thereto.
Counsel for the commission cite also the case of Thompson v. Standard Phosphate & Acid Works, Inc., 178 Md., 305, 13 A. *592 (2d), 328, which holds, among other things, that “the practice of permitting an expert to express an opinion based upon facts in the evidence which he has heard or read, upon the assumption that these facts are true, is well established.”
Although the Court of Appeals of the State of Maryland, in that case, stated the rule as above quoted, it, nevertheless, reversed the judgment of the trial court and held that there was error in permitting the hypothetical questions as submitted in that case to be propounded and in refusing to strike out the answers of the expert witness to the same, on the ground that the witness based his answers on conflicting testimony. In stating that conclusion, the court cited the previous case of Quimby v. Greenhawk, 166 Md., 335, 337, 171 A., 59, from which it quoted as follows :
‘ ‘ The problem is largely left to the sound discretion of the trial court, but clearly it is improper to admit an expert’s inference or conclusion upon the reading or hearing either of all or of a specified part of the testimony in the case, if such whole or part of the testimony so submitted as the premises for an inference or conclusion is conflicting in the important assumptions of factual truth to be made.”
.On the other hand, in the instant case counsel for the claimant, in line with the holding of the Court of Appeals, maintain that the objections to the hypothetical questions submitted were properly based upon the fact that the medical experts, neither of whom attended the decedent during his lifetime or had personal knowledge of the case, formed their opinions and based their testimony on collateral facts which they picked out from the various exhibits, which facts were not made a part of or particularized in the hypothetical questions and were not otherwise made known to the court or jury.
The law on this subject is well summarized in 20 American Jurisprudence, 662, Section 789, as follows:
“The courts are not in accord upon the question of the right of an expert witness having no personal knowledge of the facts to give an opinion based upon the testimony of other witnesses which the expert witness has heard given. [See annotation,. 82 A. L. R., 1460.] It is undoubtedly the better practice.in such cases to incorporate in a hypothetical question the facts on *593 which an expert witness is asked to give an opinion. [Quinn v. Higgins, 63 Wis., 664, 24 N. W., 482, 53 Am. Rep., 305.] Many statements are to be found which suggest that as a broad general rule, an expert cannot be allowed to base his opinion on the evidence which he has heard given in the case. [Cincinnati Mutual Ins. Co. v. May, 20 Ohio, 211; 82 A. L. R., 1460.] According to' the weight of authority, however, it is within the discretion of the trial court to permit an expert witness to give an opinion based upon the assumption of the truth of testimony which he has heard given by other witnesses without a hypothetical.statement of the facts, where the witnesses are few and the testimony is not voluminous, complicated, or conflicting. [See Southwest Metals Co. v. Gomez, 4 F. (2d), 215, 39 A. L. R., 1416; Mt. Royal Cab Co. v. Dolan, 168 Md., 633, 179 A., 54, 98 A. L. R., 1106; DeGroot v. Winter, 261 Mich., 660, 247 N. W., 69; Yardley v. Cuthbertson, 108 Pa., 395, 1 A., 765, 56 Am. Rep., 218; State v. Eggleston, 161 Wash., 486, 297 P., 162, 82 A. L. R., 1439; Duthey v. State, 131 Wis., 178, 111 N. W., 222,10 L. R. A. (N. S.), 1032.] In such cases, the question should be so framed that the jury will understand the exact facts upon which the witness bases his opinion. [See annotation, 82 A. L. R., 1461, 1462.] This rule is especially applicable where the issue is insanity or some other matter of medical knowledge. [See 20 American Jurisprudence. 724, Section 862.] It has been said that where testimony is brief and simple, and especially where there is no contradictory evidence, to ask the expert to state his opinion, assuming the evidence given to be true, is equivalent to embodying the evidence in a hypothetical question. [See Hunt v. Lowell Gaslight Co., 8 Allen, 169, 85 Am. Dec., 697; Duthey v. State, 131 Wis., 178, 111 N. W., 222, 10 L. R. A. (N. S.), 1032; McKeon v. Chicago, M. & St. P. R. Co., 94 Wis., 477, 69 N. W., 175, 35 L. R. A., 252, 59 Am. St. Rep., 910.]
“The allowance of opinion testimony based on what the witness overheard is always a matter of discretion; a party cannot of right insist upon the allowance of such testimony ¿ and it has been said that such discretion should be sparingly exercised. Ordinarily, it is improper to permit such testimony on a complicated question where voluminous testimony has been given, for in such cases it would not be possible- for the trial *594 court to make an intelligent ruling, for the opposing counsel to interpose a timely objection, or for the jurors to accurately consider the testimony given. If the facts are disputed, such course of interrogation is inadmissible and the question must be stated hypothetically. [See Barber’s Appeal, 63 Conn., 393, 27 A., 973, 22 L. R. A., 90; Re Elliott, 269 Mich., 677, 257 N. W., 919.] ”
Furthermore, it is well settled that the opinion of an expert witness cannot be predicated either in whole or in part upon the opinions, inferences and conclusions of others, whether expert or lay witnesses. Manufacturers Accident Indemnity Co. v. Dorgan, 58 F., 945, 22 L. R. A., 620; Barker v. S. A. Lewis Storage & Transfer Co., 79 Conn., 342, 65 A., 143, 118 Am. St. Rep., 141; Mt. Royal Cab Co., Inc., v. Dolan, 168 Md., 633, 179 A., 54, 98 A. L. R., 1106; annotations, 82 A. L. R., 1489, and 98 A. L. R., 1110.
As above stated, the hospital records in the instant case, which were introduced in evidence and which the expert witnesses were called upon to consider as true, contain many notations by attending physicians and nurses, in the form of opinions, as to matters relating to the physical condition of the decedent while a patient in the hospital. Clearly, these opinions did not constitute a basis of fact upon which the expert witnesses could base their expert opinions. This principle is illustrated in the case of Estes v. Goodyear Tire & Rubber Co., 60 Ohio Law Abs., 266, 269, 99 N. E. (2d), 619, wherein the court stated the correct rule as follows:
“It is a well known rule that hypothetical questions to an expert must include the facts that the expert is allowed to assume. The expert has no right to base his opinion on the expert opinion of another expert, and that should be doubly true where the so-called expert opinion is in a hospital record, and the other side has had no opportunity to cross-examine the doctor who for all that is known may have just guessed at the opinion he wrote in the hospital record, or may have based it on history given him by the patient or his family, or on other improper hearsay evidence. ’ ’
In the opinion of this court, under the law as supported by the authorities herein cited, the hospital records which were introduced in evidence in the instant case were not of such char *595 acter as to furnish a basis of fact for expert medical opinion, in the absence of a hypothetical question particularly specifying only such proved facts as could be a basis for an expert opinion.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Zimmerman and Taft, JJ., concur.
Stewart and Bell, JJ., dissent.