14053

ODIORNE v. PRUDENTIAL INS. CO. OF AMERICA

(179 S. E., 669)

*Messrs. Osborne & Butler,* for appellant,

*Messrs. Huff & Huff* and *R. E. Babb,* for respondent,

April 26, 1935.

The opinion of the Court was delivered ·by Mr. W. M. Grimball, Acting Associate Justice.

This cause involves the right of an insured, under certain facts, to the payment of cash benefits under the terms of a contract of insurance which is of the form known to the bench and bar as the "total and permanent disability policy."

Respondent, it appears, has for many years been engaged in the occupation of civil engineering and contracting, which requires the reading of scientific instruments and the preparation of drawings and blueprints. He has developed cataracts in both of his eyes, preventing him from engaging in his occupation. Several years, the exact period of time being indefinite, will elapse before the condition of his eyes will have reached that stage of development which in the opinion of the medical testimony would warrant an operation. The record shows that this operation will probably be successful; but this is not absolutely certain.

The trial Judge, Honorable E. C. Dennis, directed the jury to find a verdict for the plaintiff. Later he filed his order: "That the plaintiff, George C. Odiorne, have judgment against the defendant, The Prudential Life Insurance Company of America, for the sum of Fifty-seven and 45/100 ($57.45) Dollars on the installments past due at the time of the commencement of this action, including interest to date of verdict; that the said George C. Odiorne, plaintiff herein, is totally and permanently disabled as contemplated under the terms of the policies, and that from the date of the filing of the notice of disability all premiums under said policies shall cease and the plaintiff is entitled to the payment of the instalments on said policies during such disability, not exceeding one hundred twenty (120) instalments in all."

From judgment entered on this order, and from the terms of the order itself, the insurance company now appeals.

Appellant insists that there is no proof of "permanent" disability, asserting that the record shows that as time elapses it is certain that the condition will reach a stage where the partial blindness produced by the cataracts can be removed by an operation.

A careful reading, however, of the medical testimony in the record discloses that the operation is not absolutely certain of success. "They are not always successful, as in other operations," testified Dr. J. L. Sanders, a witness for respondent.

The facts of the present case are in themselves strong argument against the proposition that the insured under this form of contract, in order to recover, must prove that his disability will forever remain constant and changeless. The word "permanent," when used in this form of insurance policy, cannot be given such an inflexible construction. In order to warrant recovery, it is sufficient for the insured to show that there is a reasonably substantial possibility that a condition of existing total disability will remain changeless.

The parties to the contract themselves recognize this, for in the contract we find the following two clauses:

"The insured, upon demand by the company at any time during such disability and before the company's liability hereunder has ceased, shall furnish due proof that he actually continues in a state of disability, as defined above, and in case of his failure so to do the insured shall be deemed to have recovered from such state of disability.

"In the event that the insured recovers from such state of disability before the company's liability under the policy has been fully discharged, as specified above, no further instalments shall be paid by the company and no further premiums shall be waived, but thereafter the policy shall, by endorsement thereon by the company, be continued in force

for the amount reduced as specified above, with any premium falling due thereafter and loan and non-forfeiture values correspondingly modified."

In his order, Judge Dennis granted judgment for respondent for the amount due at the time of the commencement of this action, together with interest thereon to the date of the verdict. In this we are of the opinion that he was correct.

However, Judge Dennis then further decreed that all further premiums shall cease, and that respondent is entitled to the payment of further and future installments under the policies. In this we are of the opinion that he was in error. This is a law case, and in it only the rights and liabilities of the parties up to the time of the commencement of the action can be adjudicated. *Black v. Jefferson Standard Life Insurance Co.*, 171 S. C., 123, 171 S. E., 617. This portion, therefore, of the order must be set aside.

It is therefore the judgment of this Court that the judgment of the Circuit Court be modified, as herein expressed, and in all other respects it be affirmed.

Mr. Chief Justice Stabler, Messrs. Justices Carter and Bonham and Mr. Acting Associate Justice G. B. Greene concur.