**ÆTNA LIFE INS. CO. v. WILLIAMS.**

No. 10758.

Circuit Court of Appeals, Eighth Circuit.

March 18, 1937.

John G. Madden, of Kansas City, Mo. (James E. Burke, Alfred Kuraner, and Madden, Freeman & Madden, all of Kansas City, Mo., on the brief), for appellant.

Albert L. Reeves, Jr., of Kansas City, Mo. (Charles M. Blackmar and Michaels, Blackmar, Newkirk, Eager & Swanson, all of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, THOMAS, and FARIS, Circuit Judges.

THOMAS, Circuit Judge.

The appellant, plaintiff below, brought suit against appellee, defendant below, under the Declaratory Judgment Act (Judicial Code, § 274d, 28 U.S.C.A. § 400), for a declaratory judgment, praying the court to determine and declare the rights and obligations of the plaintiff and defendant under a policy of accident insurance issued by the plaintiff to Hayden Williams, husband of defendant, and in which defendant was named beneficiary. It was alleged that the insured had been accidentally killed, and it was admitted that plaintiff is liable for some amount under the terms of the policy.

The defendant demurred to the petition on the grounds (1) that the court has no jurisdiction over the subject-matter of the action, and (2) that the petition fails to state a cause of action against the defendant.

The demurrer was sustained by the court below, and the plaintiff having elected to plead no further, judgment was entered dismissing the petition without prejudice.

The appeal presents the question of the right of the plaintiff to obtain a judgment under the Declaratory Judgment Act construing the terms of the policy and defining and declaring the rights and liabilities of the parties thereunder.

The petition alleges that on October 10, 1931, plaintiff issued its policy of accident insurance to Hayden Williams for the principal sum of $7,500 and that defendant was designated therein as beneficiary. The insured was accidentally killed October 12, 1933. The policy provided that if after its issuance the insured changed his occupation to one classified by the insurer as more hazardous than that stated in the policy, the liability should be scaled down accordingly. When the policy was issued, insured was an advertising salesman. Thereafter, but prior to his death, he changed his occupation to that of either a filling station attendant or a filling station manager. If the former, the amount of the policy was reduced to $2,000, and if the latter, to $3,000. The defendant claimed that under these circumstances the principal sum was not reduced under the terms of the policy unless the accidental death resulted from the increased hazards of the new occupation.

It is alleged that the insured was accidentally killed in a collision between an automobile in which he was riding and a street car.

Defendant demanded from the plaintiff the full amount of the policy, $7,500, and when this was rejected, suit was brought therefor and for damages for vexatious delay. At the conclusion of the evidence upon the trial of the suit, the court announced his intention to direct a verdict on the basis that insured had changed his occupation to that of filling station manager with the result that the maximum recovery was in the sum of $3,000. Thereupon the defendant dismissed the suit. In that suit, the appellant had tendered and deposited in the custody of the clerk of the court the sum of $2,000, contending that insured was a filling station attendant at the time of the accident resulting in his death.

The appellant claims that unless the District Court assumes jurisdiction under the Declaratory Judgment Act it will be prejudiced in that it will be required to maintain reserves in excess of the amount of its liability under the policy; that it is charged by statute with interest at the rate of 6 per cent. on any sum due under the policy, which is in excess of its earnings; and liability for damages for vexatious delay in payment.

In this court the determination of the appeal depends entirely upon whether the facts pleaded in the petition are sufficient to entitle the plaintiff to relief under the provisions of the Declaratory Judgment Act. The act (28 U.S.C.A. § 400) provides that "in cases of actual controversy * * * the courts * * * shall have power * * * to declare rights and other legal relations of any interested party." If, therefore, the case pleaded involves a justiciable "controversy" concerning the "rights and other legal relations" of the appellant, the court has jurisdiction to decide such controversy and to declare such rights.

We are saved the necessity of discussing the merits of the contentions of the parties and the validity of their arguments because the case is controlled by the recent decision of the Supreme Court in the case of Ætna Life Insurance Company v. Haworth, 57 S.Ct. 461, 465, 81 L.Ed. ——, decided March 1, 1937. That decision holds in effect that where under an insurance policy the insured has a right of action against the insurer, the insurer has a corresponding right to maintain a suit under the Declaratory Judgment Act to secure a judgment determining the obligations and liabilities of the parties. It is there said that "the character of the controversy and of the issue to be determined is essentially the same whether it is presented by the insured or by the insurer." The facts in the present case clearly bring it within the scope of the decision in the Haworth Case. The judgment is reversed and the cause is remanded to the District Court with instructions to grant the appellant a new trial.

Reversed.