**NEW YORK LIFE INS. CO. v. ROE et al.**
No. 11185.

Circuit Court of Appeals, Eighth Circuit.
March 2, 1939.

A. F. House, of Little Rock, Ark. (Louis H. Cooke, of New York City, and Rose, Hemingway, Cantrell & Loughborough, of Little Rock, Ark., on the brief), for appellant.

H. T. Harrison, of Little Rock, Ark. (Pace & Davis and Buzbee, Harrison, Buzbee & Wright, all of Little Rock, Ark., on the brief), for appellees.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is to reverse a decree entered pursuant to a motion to dismiss a bill of complaint praying declaratory judgment under Section 274d of the Judicial Code, 28 U.S.C.A. § 400. The complaint disclosed diversity of citizenship and more than three thousand dollars involved and alleged:

"The plaintiff, New York Life Insurance Company, is engaged in the life·insurance business, and on June 28, 1927, it issued its Policy No. 9907935, in the face amount of Two Thousand Dollars ($2,000.-00) on the life of Joseph L. Roe, now deceased. On April 26, 1929, ·it issued its Policy No. 10548585 in the amount of Eight Thousand Dollars ($8,000) on the life of Joseph L. Roe, deceased. On January 9, 1930, it issued two policies, No. 10936228 and No. 10936229, each in the amount of Five Thousand Dollars ($5,000) on the life of Joseph L. Roe, deceased. Copies of said policies are attached hereto, made parts hereof, and marked Exhibits 'A', 'B', 'C', and 'D'. The proceeds of all of the aforesaid policies were made payable to the estate of the insured. On the 8th day of April, 1937, he executed trust agreements whereby the proceeds of all of the said policies should be paid to New York Life Insurance Company, as Trustee, for the benefit of the defendants, Lorraine Roe, wife of the insured, Lorraine Roe, Mary Roe and Joseph L. Roe, Jr., children of the insured. Three separate trust agreements were executed. Copies thereof are attached, made parts hereof, and marked Exhibits 'E', 'F', and 'G'. Each of said trust agreements controls the distribution of one third of the combined proceeds of the four policies above described. Each of said trust agreements provides that upon receipt of proofs of death, there should be paid to Lorraine Roe, wife of the insured, the sum of Six Hundred Sixty-Six and 66/100 Dollars ($666.66), making a total payment under the three trust agreements of Two Thousand Dollars ($2,000). Each of the said trust agreements provides that one month after the receipt of proof of death, and each month thereafter, New York Life Insurance Company, as trustee, should pay to Lorraine Roe, wife of the insured, the

sum of Thirty-Three and 33/100 Dollars ($33.33), or a total payment of One Hundred Dollars ($100), and that such payments should be continued until the trust funds and the interest thereon should be exhausted. It is further provided in said trust agreements that if Lorraine Roe, wife of the insured should die prior to the exhaustion of the principal sum and the interest thereon, then monthly payments of Thirty-three and 33/100 Dollars ($33.33) each should be made to the defendants, Lorraine Roe, daughter of the insured, Mary Roe, daughter of the insured, and Joseph L. Roe, Jr., son of the insured, until the principal sum and the accrued interest has been exhausted.

"It is further provided in each of said trust agreements that if the double indemnity benefits should become payable under the policies above described, then there should be no change as to the amount of the initial payment of Two Thousand Dollars ($2,000) upon receipt of proofs of death, but that the second, and each monthly payment thereafter, under each of the trust agreements, should be Sixty-six and 66/100 Dollars ($66.66), or a total of Two Hundred Dollars ($200) per month, instead of a total of One Hundred Dollars ($100), per month.

"New York Life Insurance Company, as trustee, accepted said trust, and is obligated to disburse to the beneficiary all sums which may be payable by New York Life Insurance Company, under the terms of the said trust agreements.

"On February 17, 1936, the plaintiff issued its policies No. 13087107 and No. 13087108, each in the amount of Five Thousand Dollars ($5,000), on the life of Joseph L. Roe, deceased. Copies of said policies are attached, made parts hereto, and marked Exhibits 'H' and 'I'.

"Each of said policies provides that the proceeds shall be paid to Lorraine Roe, wife of the insured, at the rate of Fifty Dollars ($50) per month, the first payment to be due on date of the insured's death, which occurred on October 24, 1937, and the last payment to be made on January 24, 1957, and that on February 24, 1957, there should be paid the sum of Five Thousand Dollars ($5,000) in a lump sum to the said Lorraine Roe, wife of the insured. The policies further provide that in the event the said Lorraine Roe, wife of the insured, should die prior to the payment of the entire amounts due under the policies, then the balances should be paid to Lorraine Roe, Mary Roe and Joseph L. Roe, Jr., children of the insured, or to the survivors. Said policies further provide that in the event the double indemnity benefits therein provided for should become payable, then the entire amount of such double indemnity benefits should immediately be payable to Lorraine Roe, wife of the insured.

"As stated, the insured, Joseph L. Roe, departed this life on October 24, 1937, and thereupon the defendants furnished due proof of his death. All of the policies hereinabove described provide that the double indemnity benefits shall be payable only upon condition that death results from external, violent and accidental means, and that even if death does result from external, violent and accidental means, the double indemnity benefits shall not be payable if death results directly or indirectly from disease. Prior to October 24, 1937, the insured, Joseph L. Roe, deceased, who was a practicing physician, suffered with undulant fever, and as a remedy therefor, he and his attending physicians decided to inject into his system a certain serum, and they decided to inject twice the quantity which was ordinarily used, and having made such an injection, it caused the death of the said insured. Such death did not result from accidental means, and it did result, directly or indirectly, from disease.

"Upon presentation of the proofs of death, the plaintiff admitted liability for the face amounts of the policies hereinabove described. It paid to New York Life Insurance Company, Trustee, the face amounts of the first four policies hereinabove described, and it has commenced payments of Fifty Dollars ($50.00) per month under the other two policies, to the defendant, Lorraine Roe, wife of the insured.

"The said Lorraine Roe, wife of the insured, and Lorraine Roe, Mary Roe and Joseph L. Roe, children of the insured, claim and assert that the death of the insured resulted from external, violent and accidental means, and that such death did not result directly or indirectly from disease, and they have demanded that the plaintiff pay to New York Life Insurance Company, as Trustee, for distribution pursuant to the terms of the aforesaid trust agreement, the double indemnity benefits as provided in the first four policies here-

inabove described, and Lorraine Roe, wife of the insured, has demanded that the plaintiff admit its liability under the other two policies for the double indemnity benefits, and pay to her the sum of Ten Thousand Dollars ($10,000) in cash. The plaintiff asserts that it is not liable for the double indemnity benefits under any one of the aforesaid policies, and that it has discharged in full its obligations to the defendants.

"The defendants, Lorraine Roe, Mary Roe and Joseph L. Roe, Jr., are minors, being of the respective ages of seven, four and three. Plaintiff prays that process be issued and served upon them as provided by law, and that thereafter a guardian ad litem be appointed to defend in their behalf, if no regular guardian has been appointed by a court of competent jurisdiction. If the plaintiff awaits an action at law on the part of the defendants, it will be subjected to a statutory penalty of twelve (12) per cent and a reasonable attorney's fee, if it should be unsuccessful in defending the action, and two or more separate actions would probably be required to settle the controversy concerning the plaintiff's liability for the double indemnity benefits."

The prayer was: "Wherefore, plaintiff prays that this court take jurisdiction pursuant to the provisions of Section 274d of the Judicial Code; that the defendants and each of them be enjoined from prosecuting in any other court an action on any of the aforesaid policies during the pendency of this proceeding; that process be issued for the defendants, and that they be required to plead herein, and that this court enter a final judgment declaratory of the rights of the parties, and in settlement of the controversy as to whether the plaintiff is liable for the double indemnity benefits as provided for in the policies hereinabove described."

No preliminary restraining order was applied for by the plaintiff, but when the decree was handed down the plaintiff requested an injunctional order or conditioning of the decree to preserve the status quo pending appeal. The court found that prior to the suit the beneficiary, Lorraine Roe, had written the insurance company that she intended to institute such proceedings as might be necessary to have adjudicated her claim to the double indemnity benefits. On consideration of the request for an order to preserve the status quo

pending appeal the request was denied and an exception to the ruling was allowed the plaintiff. Error is assigned on the dismissal and on the refusal to preserve the status quo by injunctional order.

It was the opinion of the trial court that "the granting of relief in this suit rests within the sound discretion of the court", and that the facts and circumstances "are not sufficient to justify the extraordinary remedy of a declaratory judgment"; that the decision in Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, was applicable and compelled the dismissal; that Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, should be distinguished. It concluded that injunctional relief to maintain the status quo should be denied under the authority of Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

[1] ▮ *The Decree.* We think the facts alleged in the complaint bring the case within the decision of the Supreme Court in Aetna Life Ins. Co. v. Haworth, supra, and the later decision of this court in Columbian National Life Insurance Company v. Foulke, 8 Cir., 89 F.2d 261. There is presented here, as in the Haworth case, "a dispute between parties who face each other in an adversary proceeding. The dispute relates to legal rights and obligations arising from the contracts of insurance. The dispute is definite and concrete, not hypothetical or abstract. Prior to this suit the parties had taken adverse positions with respect to their obligations." [300 U.S. 227, 57 S.Ct. 464.] In the Haworth case, the "contentions concerned the disability benefits which were payable upon prescribed conditions". In this case, the contentions concern the double liability benefits which are payable upon prescribed conditions. On the one side the beneficiaries under these insurance policies claim that the death of the insured resulted from external violent and accidental means, and such claim was presented formally as required by the policy. On the other side, the company makes an equally definite claim that "such death did not result from accidental means, and it did result, directly or indirectly from disease."

It appears from the allegations of the complaint that if the insured died by accident within the meaning of the policy, then the insurance company is presently obligated to pay a sum exceeding three

thousand dollars to itself, as trustee, to be held on specified trusts and disbursed over a period of years, and to pay other sums exceeding three thousand dollars to named beneficiaries. It also appears that if the company fails to perform those alleged obligations and suffers actions at law to be brought against it, it will, if unsuccessful, be subjected to a statutory penalty of twelve per cent and attorney's fees. Of course the wrongful refusal of the company to make payments which it is obligated to make would also give rise to interest claims against it. The situation presented is one in which "the character of the controversy and of the issue to be determined is essentially the same whether it is presented by the insured or by the insurer", and is parallel in principle with the Haworth case. The declaration of the Supreme Court in that case is directly applicable: "The complaint presented a controversy to which the judicial power extends and that authority to hear and determine it has been conferred upon the District Court by the Declaratory Judgment Act."

Nor do we see anything in the facts presented to distinguish from Columbian National Life Ins. Co. v. Foulke, supra. There, as here, the plaintiff in the suit for declaratory judgment asserted a right to be immune from claims of liability under a policy insuring against accident. There, as here, the plaintiff claimed that the death of the insured was not accidental and the beneficiaries claimed that it was accidental. We held that the right of the insurance company to be immune from the claim made against it under the policy was a "right" which it could petition to have determined by declaratory judgment. We are equally persuaded that the plaintiff here has the same right. The fact that beneficiaries intended to sue the insurance company does not deprive the company of its right. Carpenter v. Edmonson, 5 Cir., 92 F.2d 895.

We are not persuaded that the Fourth Circuit Court of Appeals has taken a view of the declaratory judgment law in conflict with the decisions that have been made in this court. In Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, the insurance company sought a declaratory judgment that it was not bound to defend an action against its assured under an automobile liability policy, and that it was not liable to pay the judgment obtained in such action. The insurance company elected to deny any obligation to defend under its policy and allowed the action against its assured to go to trial and judgment without defense by the company. Thereupon suit was brought against the company to recover the amount of the judgment. It was held that under such circumstances the trial court was not obliged to make piecemeal declaration and that it had properly dismissed the declaratory judgment suit. This court has not had occasion to consider any suit for declaratory judgment presenting an analogous situation. No similar circumstances are presented here.

On the same day that the Court of Appeals of the Fourth Circuit handed down its decision in the Quarles case, it also decided Stephenson v. Equitable Life Assur. Society, 4 Cir., 92 F.2d 406, Judge Parker having written the opinion for the court in both cases. The situation presented in the latter case is more nearly analogous to this case and the court reversed a dismissal of the suit for declaratory judgment entered by the trial court.

This suit presents the "concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged" upon which the Supreme Court says "the judicial function may be appropriately exercised". Aetna Life Ins. Co. v. Haworth, supra.

It is contended in the brief of appellee that it was discretionary with the trial court to entertain the bill of complaint and that there was no abuse of discretion in dismissing it, but the cases we have relied on have led to the conclusion that no circumstances are disclosed to justify refusal to proceed to adjudication.

(2) *Denial of Injunctional Order.* We think the trial court rightly refused the injunctional order to maintain the status quo requested by the plaintiff. The only controversy between the insurance company and the beneficiaries of the policies is as to the disputed obligation of the company to pay certain sums of money fixed by the policy contracts. Where one court takes jurisdiction of an action in personam seeking a judgment for money only, it does not affect the right or the duty of another court to try and adjudicate the same cause of action. Kline v. Burke Construction Company, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. The fact that the declaratory judgment law has given the alleged debtor the right

to initiate the action to adjudicate the dispute over the contract for the payment of money only, does not call for the application of any different rule. The beneficiaries under these policies may maintain actions at law on the policies for recovery of money only, notwithstanding the pendency of the company's suit to have it declared that the company is not indebted on account of the same policies.

Reversed and remanded.