**ÆTNA LIFE INS. CO. OF HARTFORD, CONN., v. MARTIN et al.**

No. 11491.

Circuit Court of Appeals, Eighth Circuit.

Jan. 18, 1940.

Rehearing Denied Feb. 12, 1940.

S. Lasker Ehrman, of Little Rock, Ark., (Grover T. Owens and E. L. McHaney, Jr., both of Little Rock, Ark., on the brief), for appellant.

G. W. Hendricks, of Little Rock, Ark., (J. B. Milham, of Benton, Ark., and C. T. Cotham, of Hot Springs, Ark., on the brief), for appellees.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal by the plaintiff from a judgment dismissing its action brought under the Declaratory Judgment Act, Jud. Code § 274d, 28 U.S.C.A. § 400, to determine obligations under a contract of insurance. The parties will be referred to as they were designated below. As the case was disposed of on a motion to dismiss, the facts are taken from the pleadings.

Plaintiff is an insurance corporation organized under the laws of Connecticut. On February 4, 1926, it issued a policy of life insurance on the life of defendant A. V. Martin, in which it agreed to pay the other defendants, named as beneficiaries, upon his death, the sum of $25,000. The policy also contained provision that if before default in the payment of premium, the insured became totally and permanently disabled by bodily injuries or disease, before he attained the age of sixty, the company would waive payment of premiums falling due after such disability and would pay the insured an income of $250 per month, and if the disability should occur after he attained the age of sixty, all premiums falling due during such total and permanent disability were waived. The policy also contained provision that if it should appear to the company that the insured had recovered from a disability so as to be able to perform any work or conduct any business for compensation or profit, disability benefits should cease. A continuance of disability for a period of ninety days raised a presumption of permanency.

At the time of the issuance of the policy, the insured was fifty-five years of age, and in his application gave his date of birth as June 5, 1871. He therefore became sixty years of age on June 5, 1931. He continued to pay premiums on the policy until February 4, 1935, when the time of payment was extended to April 4, 1935. The premium was not paid, however, and the policy lapsed on that date for non-payment of premium. Prior to the lapse of the policy, insured had borrowed from the company a sum, which, with interest, was sufficient to exhaust the cash or loan value of the policy, and when the policy lapsed there was no sum available in the hands of the company to carry the policy in force, or for the purpose of extending term insurance under the terms of the policy.

On June 16, 1935, the insured forwarded to the company a preliminary notice of a claimed permanent and total disability, which stated that he had become totally and permanently disabled about January 1, 1930, and demanded payment of $250 per month from June 6, 1934. The notice also demanded return of all premiums paid for the years 1930, 1931, 1932, 1933 and 1934. The company declined the claim, and on March 25, 1935, the insured commenced an action in the Circuit Court of Saline County, Arkansas, for $2,000 disability benefits and $8,588.75 for premiums paid. The company served notice of intention to remove the action to the federal court, whereupon the insured amended his complaint by reducing the amount of his prayer and seeking to recover only the sum of $2,000 as monthly benefits under the policy from June, 6, 1934, the date of the filing of the complaint. The action was tried, and the jury returned a verdict reading as follows: "We, the following jurors, find for the plaintiff the sum of $500.00. (Signed by ten jurors)" From the judgment entered on this verdict, the company appealed to the Supreme Court of Arkansas, and on June 15, 1936, that court affirmed the judgment of the lower court. Ætna Life Ins. Co. v. Martin, 192 Ark. 860, 96 S.W.2d 327.

In the present suit, it is alleged that: "The plaintiff here now contends that the verdict of the jury in the cause in the Saline Circuit Court which was affirmed by the Supreme Court of Arkansas was a direct finding that the insured, A. V. Martin, recovered from his disability within two months after the plaintiff here became liable to him for disability benefits. That the jury

allowed him to recover only two months benefits, whereas he was praying for benefits for a period of eight months, and that the only reasonable interpretation which can be given to the jury's verdict is that he had completely recovered prior to the date upon which his policy lapsed for the non-payment of premium as above set forth. The insured, A. V. Martin, now contends that he has not recovered from his alleged disability, and that the verdict of the jury in the Saline Circuit Court is not binding upon him as to his recovery from such alleged disability, and is demanding from this plaintiff alleged disability benefits which he claims are due to him by this plaintiff since the date of the filing of said suit in the Saline Circuit Court. That the insured, A. V. Martin, and the other defendants, further contend that said policy of insurance is still in force and effect, and that the plaintiff here will be liable to the other defendants, the beneficiaries named in said policy, in the sum of $25,000.00, upon the death of said A. V. Martin."

Plaintiff invokes the principle of res judicata and alleges that a controversy exists between it and the defendants as to the existence or non-existence of total and permanent disability subsequent to August 6, 1934, and as to the present status of the policy.

The motion to dismiss is quite an elaborate one, but its principal contentions are: (1) That there is no controversy shown to exist; (2) that the state court judgment is res judicata; and (3) that a pending prior action in the state court deprives the federal court of the right to proceed.

■ We think there is no merit to the contention that no controversy is shown to exist. The rights and obligations under the insurance contract now presently urged by the defendants are denied by the plaintiff, and this, under the authorities, is "a real and substantial controversy." Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Ætna Life Ins. Co. v. Williams, 8 Cir., 88 F.2d 929; Columbian Natl. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166; United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560; New York Life Ins. Co. v. Roe, 8 Cir., 102 F.2d. 28, 123 A.L.R. 279.

■■ It has been held that a real and substantial controversy over the effect of a judgment presents a ground for relief under the Declaratory Judgment Act. Board of Com'rs., for Buras Levee v. Cockrell, 5 Cir., 91 F.2d 412. Here the plaintiff and defendants have a real controversy as to the legal effect of the judgment rendered in the state court action. Plaintiff in this action contends that the verdict and judgment in the state court action established that the insured became disabled before his sixtieth birthday; that his disability continued until June 6, 1934 and for a period of two months thereafter. The verdict for $500 covered exactly two months' disability benefits, so that the jury necessarily disallowed any benefits for the other six months of alleged disability for which benefits were claimed. It is argued that the jury must of necessity have found that the insured recovered on August 6, 1934. On the other hand, defendants contend that the judgment in the state court action established that the insured was totally and permanently disabled, and that the question of the amount of his recovery was a mere matter of mathematical calculation.

■■ The state court action was brought to recover benefits for only eight months. It, of course, did not cover the right of the insured to recover for the benefits under the policy. The judgment in that case is, therefore, based upon a different cause of action and is not, in the strict sense of the word, res judicata, even though between the same parties. In such circumstances, a prior judgment operates as an estoppel only as to matters actually in issue or points controverted, upon the determination of which the judgment was rendered. United States Fidelity & Guaranty Co. v. McCarthy, 8 Cir., 33 F.2d 7, 70 A.L.R. 1447; Radford v. Myers, 231 U.S. 725, 34 S.Ct. 249, 58 L.Ed. 454; Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Bates v. Bodie, 245 U.S. 520, 38 S.Ct. 182, 62 L.Ed. 444, L.R.A.1918C, 355.

The policy here contains provision with reference to permanent total disability, which indicates the sense in which these terms are used. It is provided that,

"If before attaining the age of sixty years the insured becomes totally disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit for a period of ninety consecutive days, then, if satisfactory evidence has not been previously furnished that such disability is permanent, such disability shall be presumed to be permanent. In such a case, benefits shall accrue from the expiration of

said ninety days but not from a date more than six months prior to the date that evidence of such disability satisfactory to the Company is received at its Home Office. No benefit shall accrue prior to the expiration of said ninety days unless during that period evidence satisfactory to the Company is received at its Home Office while the insured is living that the total disability will be permanent, in which event benefits will accrue from the commencement of disability.

\* \* \*

"The benefits under this provision are conditioned upon evidence of the continuance of total disability of the insured satisfactory to the Company being furnished when requested and upon the representatives of the Company being permitted to examine the insured at any time, but such evidence or examination shall not be required oftener than once a year after the expiration of two years from the acceptance of such evidence. *If it shall appear to the Company that the insured is able to perform any work or conduct any business for compensation or profit after a claim has been allowed, then, except in case of the irrecoverable loss of the entire sight of both eyes, or the irrecoverable total and permanent loss of the use of both hands or of both feet, or of such loss of one hand and one foot, disability benefits shall cease.*"

The parties have therefore agreed by their contract that what is referred to as a total permanent disability may, nevertheless, except in the case of the irrecoverable loss of the sight of both eyes or the irrecoverable total and permanent loss of the use of both hands or both feet, or the loss of one hand and one foot, cease to exist, and apparently the jury must have found that while permanent total disability occurred prior to the assured attaining the age of sixty years, that being a condition precedent to the right of any recovery, it did not continue throughout the eight months for which recovery was sought. The jury made no special findings, and it can not be determined from the record during which two of the eight months covered by the action, the jury found the insured to be permanently totally disabled. In this state of the record, neither party can, we think, successfully invoke the doctrine of estoppel by judgment, and hence, there exists a justiciable controversy between the parties.

It is observed that plaintiff has also alleged a controversy as to the right of recovery for the times subsequent to the period covered in the state action. In fact, it appears from recitals in the motion to dismiss that since the trial of the state court action, an additional cause of action on this policy had accrued in favor of the assured and that an action had in fact been filed and was pending in the state court on the matters and issues involved in this declaratory judgment action, and that the state court had assumed and had jurisdiction over both the parties and the subject matter involved in the instant suit, and "that it would be against the policy of the law for this court to assume jurisdiction over the parties and subject matter over which the state court had already assumed jurisdiction."

The lower court, although basing its action on a motion to dismiss, entered findings of fact and conclusions of law. It found as a fact that "the Supreme Court of Arkansas in its decision in the case of A. V. Martin v. Ætna Life Insurance Company, have construed the policy on which this action is brought, and has also construed the law affecting the case," and that "the Supreme Court of Arkansas has declared the legal relations existing between the parties." Based upon these findings of fact, the court concluded as a matter of law that, "There having been a decision of the Supreme Court of Arkansas, this court has no jurisdiction to determine the meaning and effect of the decision of the Supreme Court of Arkansas; that there being a suit pending in the Circuit Court that Court is the proper tribunal to a hearing to determine the question of law involved." The court then entered judgment of dismissal "for want of jurisdiction."

It is important to observe that the instant action was commenced in the lower court before the second state action was brought. Apparently the lower court gave compelling weight to the fact that this second action was pending in the state court. There can be no doubt that the trial court had general jurisdiction of the action when commenced. There was a diversity of citizenship between the parties; the amount involved exceeded $3,000. We need not here consider whether, under the declaratory judgment procedure, the pendency of a prior action would preclude the right to maintain a declaratory judgment action. That situation is not presented by the record. There seems to be authority sustaining the right to maintain such an action, even though a prior action may be pending in a state court. Carpenter v. Edmonson, 5 Cir., 92 F.2d 895. But here, the lower

court acquired complete jurisdiction before this state action was brought. It is elementary that jurisdiction of a court once acquired can not be arrested nor taken away by subsequent proceedings in another court of concurrent jurisdiction. In re Chetwood, 165 U.S. 443, 17 S.Ct. 385, 41 L.Ed. 782; United States v. Eisenbeis, 9 Cir., 112 F. 190. There is no question here involving the seizure of specific property by the state court, in which event the court which first acquires possession or dominion draws to itself the exclusive right to dispose of it for the purposes of its jurisdiction. The cause of action alleged in the instant case is not the same cause of action as that involved in the state court action. If it could be said that the state and federal courts had concurrent jurisdiction, still it appears that the federal court first acquired jurisdiction, and ordinarily, the court first acquiring jurisdiction may retain it for the purpose of deciding every question in the cause.

We have held that there is no discretion in the district court to refuse to proceed in a declaratory judgment action because in some other action in the future the other party might be entitled to relief which would dispose of the issues involved in the declaratory judgment action. Columbian Natl. Life Ins. Co. v. Foulke, supra; Western Casualty & Surety Co. v. Beverforden, supra; New York Life Ins. Co. v. Roe, supra. See, also: Carpenter v. Edmonson, supra.

Under well established principles of procedure, we think it was incumbent upon the lower court to proceed to hear and determine the cause in which its jurisdiction was rightly procured and, hence, not defeated by after-occurring events.

The judgment appealed from is therefore reversed and the cause is remanded for further proceedings consistent with this opinion.