## EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, v. RYAN et al.

### No. 8107.

Circuit Court of Appeals, Sixth Circuit.

Feb. 16, 1940.

ALLEN, Circuit Judge, dissenting.

J. R. Kistner, of Cleveland, Ohio, for appellant.

W. K. Sullivan, of Cleveland, Ohio (A. L. Kearns and A. G. Newcomb, both of Cleveland, Ohio, on the brief), for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant had insured the Glazers against liability to persons injured in the operation of their apartment building in Cleveland, Ohio. The appellee Ryan, claiming to have been injured on the premises, sued the Glazers in the State Court and they, in turn, notified the appellant of the pendency of the suit and requested it to defend. The appellant refused because knowledge of the accident first came to it 127 days after it happened, and because it was not notified of Ryan's claim until 84 days after it was made—in breach of the conditions of the policy which required the insured to give the insurer immediate notice of an accident, and immediate notice of a claim for damages because of it.

On June 9, 1936, Ryan obtained a judgment against the Glazers for $5,000, in an uncontested proceeding, and on June 20, the appellant undertook to free itself from liability on the policy by filing a bill in the District Court against Ryan and the Glazers, seeking a declaratory judgment. After the dismissal of the first and second amended bills of complaint, the cause reached a

hearing upon the merits, at the conclusion of which the District Court, on motion, dismissed the third amended bill on the ground that there was already pending a justiciable controversy in the Court of Common Pleas in which all of the issues could be decided, and on the further ground that the Declaratory Judgment Act (28 U. S.C.A. § 400) provides only for an adjudication of rights and not of liabilities. The appeal challenges the order of dismissal.

Sections 9510-3 and 9510-4 of the General Code of Ohio, permit an injured party a direct action against his judgment debtor's insurers after he has obtained a judgment against the insured. In such action the insurer may defend for breach of conditions in the insured's contract pertaining to notice of the accident, or to notice of a claim on account of it, and on clauses which limit the casualties coming within the terms of the insured's contract, such provisions binding the judgment creditor if they are binding upon the assured. Stacey v. Fidelity & Casualty Co., 114 Ohio St. 633, 151 N.E. 718; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166. In answer to the appellant's bill, Ryan joined issue and sought, by cross-bill, a declaratory judgment of the appellant's liability to him. This cross-complaint was subsequently withdrawn by Ryan who later had brought suit against the appellant in the State Court upon his judgment.

█ The first question that concerns us is whether there was an actual controversy between the parties, in the constitutional sense. Upon this question Ætna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, is controlling. The parties stand in adversary relationship. The issues relate to the coverage of the policy and the breach of its conditions by the Glazers, both being justiciable under Ohio law in an action between the judgment creditor and the insurer. The controversy was matured by Ryan's judgment in the Court of Common Pleas against the Glazers, so that it had become an "actual" controversy. A judgment or decree for either the plaintiff or the defendants in a declaratory judgment action was capable of terminating it fully and completely, and as the issues were in the first instance joined, the liability of the appellant or its immunity therefrom, could be fully and finally adjudicated.

The appellant presents the determinative question before this court as one of jurisdiction, and urges upon us the rule of Cohen v. Virginia, 6 Wheat. 264, 5 L.Ed. 257, that courts may not decline the exercise of jurisdiction conferred upon them. The appellees say it is not a question of jurisdiction, thereby conceding it, but insist in reliance solely upon Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, that it is one of discretion to grant the remedy prayed for, and urge that the order of dismissal should not be set aside except for an abuse of discretion.

The Quarles case was one of the early decisions interpretative of the Declaratory Judgment Act. It was thought by the court therein that the remedy should not be invoked merely to try issues or determine the validity of defenses in pending cases. The presently prevailing view seems to be that the Declaratory Judgment Act furnishes an additional remedy which is not to be denied the plaintiff because of the pendency of another suit, a concept which, as noted by us in E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105, has been crystallized by the Rules of Civil Procedure for the District Courts of the United States, in Rule 57, 28 U.S.C.A. following section 723c, which provides "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

█ The conclusion of the District Court that the bill must be dismissed because the Declaratory Judgment Act comprehends situations only where the plaintiff seeks to establish a right and not those wherein he seeks to escape liability, is founded upon a misconception both of its terms and purpose. Even were it possible to conceive that immunity from threatened liability is not a right, the statute, by its terms, empowers the court to declare not only rights, but "other legal relations" of any interested party petitioning for the declaration, and as was also noted in the Cold Metal Process case, supra, its purpose is to provide a remedy to the challenger of a right, who otherwise could not have his challenge adjudicated until his adversary took the initiative. In fairness to the District Judge, however, it must be noted that the case was decided before our opinion was announced, and before the courts of other circuits had been furnished with opportunity to distinguish or depart from the rule or reasoning of Ætna Casualty and Surety Co. v. Quarles, supra. The later cases support the rationale of our decision.

Maryland Casualty Co. v. Sammons, 5 Cir., 99 F.2d 323; Myers v. Ocean Accident & Guarantee Corp., 4 Cir., 99 F.2d 485 (dealing with Ohio law here involved); Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514; New York Life Insurance Co. v. Roe, 8 Cir., 102 F.2d 28, 123 A.L.R. 279; United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288; Central Surety & Insurance Corporation v. Norris, 5 Cir., 103 F.2d 116. No one of these cases holds the Declaratory Judgment Act to be limited to a declaration of rights as distinguished from liabilities, and of those that concede discretion to the court in the granting of declaratory relief, all hold that the discretion must be judicial and find its basis in good reason.

■ It was suggested that such reason might be found in the failure of the appellant to intervene in the damage suit and there join issue with the insured on policy coverage and failure of notice. But such intervention might have subjected the appellant to the judgment, notwithstanding its defenses, and this may have been sufficient deterrent, the soundness of which we are not called upon to decide. We have noted, however, in Fidelity & Casualty Co. v. Federal Express, Inc., 6 Cir., 99 F.2d 681, that there is no statutory provision or precedent in Ohio for joining issue between co-defendants. Whether, if there were, it would have been sound judicial discretion to dismiss the present suit we have no occasion to determine.

The order of dismissal is set aside and the cause remanded to the District Court for trial and decision upon the merits.

ALLEN, Circuit Judge (dissenting).

I cannot agree with the decision of my associates. This case goes far beyond the holding in E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105, and presents more than the case of the mere "existence of another adequate remedy" which, under Rule 57 of the Rules of Civil Procedure for the District Courts, does not preclude relief by declaratory judgment. The bill of complaint herein was filed on June 20, 1936. The record shows that on June 9, 1936, a judgment of $5,000 had been rendered against the insured on behalf of the injured party in the state court. The pleadings alleged, and the uncontroverted evidence shows, that in conformity with Section 9510-3 et seq., General Code of Ohio,[1] a supplemental petition was filed in the state court on September 20, 1937, seeking to collect the judgment from the insurer. This petition was duly served upon appellant, which on October 13, 1937, filed an answer. The issues presented in that case involve the same subject-matter, the same rights, and the same questions of liability as this case. The instant bill came on for final hearing on the pleadings and the evidence on May 31, 1938, while the state case was pending and at issue. The appeal here is prosecuted from the order sustaining appellee's motion to dismiss the bill of complaint.

Section 400, 28 U.S.C., 28 U.S.C.A. § 400, provides that in cases of actual controversy the courts of the United States "shall have power" to grant this relief. The relief prayed for hence is afforded not as a matter of right. American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613; E. W. Bliss Co. v. Cold Metal Process Co., supra. The relief may be refused if it is sought merely to determine issues involved in cases pending. Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514. The obvious intent of this provision was not to duplicate actions. It was to avoid delay and the ac-

---

[1] The section material here is Section 9510-4, General Code of Ohio, which reads as follows:

"Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, * * * if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or his successor in interest shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor or his successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file in the action in which said judgment was rendered, a supplemental petition wherein the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action at law."

crual of damages against one uncertain of his rights and to promote an early adjudication of the controversy between the parties without waiting until one of them should see fit to begin suit for coercive relief after damages had accrued. Davis v. American Foundry Equipment Co., 7 Cir., 94 F.2d 441, 115 A.L.R. 1486. It is a kind of expanded bill quia timet. Meeker v. Baxter, 2 Cir., 83 F.2d 183. Here the insurer is not and was not when it filed this bill uncertain of its remedies. It is a fair inference that appellant instituted this action in the federal court because it was certain that a supplemental petition would be filed against it in the state court. It is presumed to know that the Ohio statute provided for supplemental suit against the insurer, and about nine months before the motion to dismiss was made herein, the injured party had brought suit in the state court, in which appellant had answered.

· As this is a bill in the nature of an equitable proceeding, the District Court correctly considered the facts, duly pleaded and presented in evidence, which had occurred subsequent to the filing of the petition, and exercised a sound discretion in dismissing the bill. Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288.

The order should be affirmed.