**MUTUAL LIFE INS. CO. OF NEW YORK v. MOYLE et al.**

District Court, E. D. South Carolina, Columbia Division.

Aug. 14, 1940.

Thomas, Cain & Black, of Columbia, S. C., for plaintiff.

Cooper & Maher and Roger M. Heyward, all of Columbia, S. C., for defendants.

WYCHE, District Judge.

This matter comes before me on motion of defendants to dismiss the complaint on the ground that the jurisdictional amount is not involved in the controversy. Plaintiff, insurer, brings the action under the Declaratory Judgment Act of 1934, 28 U. S.C.A. § 400, seeking an adjudication of the respective rights and liabilities of the parties under several insurance policies which carry life and also disability benefits. Under Rule 18, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the plaintiff may aggregate the several amounts actually in controversy under the policy provisions to make up the jurisdictional amount. Equitable Life Assurance Society of the United States v. Wert, 8 Cir., 102 F.2d 10. But this does not solve the problem. The question is what matters are in actual controversy under these policies and whether the amounts involved total the jurisdictional amount.

The complaint was filed and the summons issued on April 26, 1940, so that the complaint speaks as of that date. It is alleged in the complaint that each of the policies involved *is now in full force and effect and is a present and valid obligation of the insurer;* that insurer has paid disability benefits on several of the policies up to and including the 1st day of April, 1940, and on the others up to and including the 15th day of March, 1940, and for such periods *has likewise waived the payment of all premiums coming due under the policies;* that the defendant is no longer totally and permanently disabled within the terms and provisions of the policies of insurance, and the plaintiff has discontinued the allowance of monthly disability benefits since April 1, 1940, and advised the defendant of the discontinuance of the payment of further benefits, and that it would now be necessary for him to pay the *future premiums* as they become due in order to keep the policies in force; that the defendant contends that he is totally and permanently disabled and is entitled to receive the payments of monthly benefits under the policies of insurance from the date of their discontinuance and likewise con-

tends that he is entitled to waiver of the premiums *which will mature and become payable under said policies in the future;* that it is without obligation to waive the payment of any premium which *may* mature under the policies; that it is essential that a determination be now made of its rights and legal relations under its policies of insurance for the purpose that it may now be advised whether the said defendants ought to pay, and whether it is entitled to receive the full premiums as provided in its policies, as a consideration for continuing the policies in force and effect as subsisting obligations, or whether it is required to waive further the payment of the premiums and maintain such policies in force and effect by reason of the total disability of the defendant; that the *amount in controversy* consists of *the value of the rights of the defendant under the policies* if he is held entitled to disability payments and waiver of premiums which would already have accrued under said policies and disability payments and waiver of premiums *in the future,* which said amounts will exceed $3,000 *if* the defendant *lives for a period of sixteen months;* and that insurer is required by the Insurance Department of the State of New York to carry reserves for disability benefits, and that in accordance with sound actuarial principles insurer has set up a reserve exceeding $3,000 against insured's claim. The insurance policies are referred to and made a part of the complaint and show that the value at the commencement of the action, of the disability benefits coming due on the several policies after March 15, 1940, and April 1, 1940, amounts to approximately $200. The complaint nowhere suggests that there is any past due premium on any of the policies. The insurer does not claim, before action brought, that any of the policies had lapsed, or that insurer had repudiated liability thereunder, so that the validity of any policy may be held to be now in actual controversy. It will be seen, therefore, that the only *real* controversy between the plaintiff and the defendant is whether or not the defendant was totally and permanently disabled under the provisions of the policies of insurance between the dates referred to in the complaint. That is the only question that can be determined under the complaint. If he was, the insurance company owes him about $200 in benefits, and a refund of premiums paid under protest. If he was not, the insurance company owes him nothing and

may keep the premiums so paid by him on the policies. Under such allegations of the complaint I cannot admit testimony concerning the disability of the defendant or his physical condition after the commencement of the action. Black v. Jefferson Standard Life Insurance Co., 171 S. C. 123, 171 S.E. 617. Under the allegations of fact contained in the complaint, I must conclude that the jurisdictional amount is not involved. Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S. Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Ashwander v. Tennessee Valley Authority et al., 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688; Town of Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; Wright v. Mutual Life Insurance Company, 5 Cir., 19 F.2d 117, affirmed, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726; New York Life Insurance Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971; Stephenson v. Equitable Life Assurance Society, 4 Cir., 92 F.2d 406; Aetna Life Insurance Co. v. Williams, 8 Cir., 88 F.2d 929; Stockman v. Reliance Life Insurance Co., D.C., 28 F.Supp. 446; Small v. New York Life Insurance Co., D.C., 18 F.Supp. 820; Berlin v. Travelers Insurance Co., D.C., 18 F. Supp. 126; Edelmann v. Travelers Insurance Co., D.C., 21 F.Supp. 209; Shabotzky v. Massachusetts Mutual Life Insurance Co., D.C., 21 F.Supp. 166; Equitable Life Assur. Soc. v. Wilson, 9 Cir., 81 F.2d 657.

In Bell v. Philadelphia Life Insurance Co., 4 Cir., 78 F.2d 322, 323, Judge Parker, speaking for the Circuit Court of Appeals of this Circuit, said: "It is true, as contended by plaintiff, that the jurisdiction of the court depends upon the amount actually in controversy in the suit and not upon any amount indirectly involved because of the probative effect of the judgment rendered therein (New England Mortgage Co. v. Gay, 145 U.S. 123, 12 S.Ct. 815, 36 L.Ed. 646); but here the policy itself is directly in controversy and its value determines the value in suit. See Pacific Mut. Life Ins. Co. v. Parker [4 Cir.] 71 F.(2d) 872, 874; Ginsburg v. Pacific Mut. Life Ins. Co. [2 Cir.] 69 F.(2d) 97, 98." And, again in Stephenson v. Equitable Life Assurance Society, 4 Cir., 92 F.2d 406, 410, Judge Parker said: "This amount was not merely the unpaid disability installments, as the judge below erroneously thought, but also the $5,000 double indemnity feature of the policy which the company had declared void, and the $5,000

ordinary life feature, which the company had declared lapsed and for which it had substituted extended term insurance in that amount. Bell v. Philadelphia Life Ins. Co. supra; Pacific Mutual Life Ins. Co. v. Parker [4 Cir.] 71 F.(2d) 872, 874. The suit, therefore, involved the validity of the contract for $5,000 of accident insurance and the status of a contract for $5,000 of ordinary life insurance, in addition to the validity of the policy of disability insurance upon which the insured was claiming the past-due installments of disability benefits." It appears from this language that if the validity of the policy had not been involved, it would have been held in that case that the requisite jurisdictional amount was not involved. Equitable Life Assur. Soc. v. Wilson, 9 Cir., 81 F.2d 657, at page 660.

 "The federal Declaratory Judgment Act (Jud.Code § 274d, 28 U.S.C.A. § 400) is not one which adds to the jurisdiction of the court, but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts *already have jurisdiction.*" Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 323. (Italics added) What was the test of jurisdictional amount before the enactment of the Declaratory Judgment Act? Judge Dobie, in his admirable text on Federal Jurisdiction and Procedure, aptly stated the rule thus: "By the amount in controversy is meant the value of the right asserted by the plaintiff in the instant suit. This value alone, and not the collateral effect of the judgment on matters not directly involved in the suit in question, can be considered in making up the judicial amount." And the Supreme Court in Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 702, 78 L.Ed. 1248, said: "But this does not mean objects which are merely collateral or incidental to the determination of the issue raised by the pleadings. The statute itself does not speak of objects of the suit. It confers jurisdiction only if 'the matter in controversy exceeds * * * the sum or value of $3,000.' "

 A controversy, to come within the Declaratory Judgment Act, must be definite and concrete. "It must be a real and substantial controversy admitting of specific relief through a decree of a *conclusive* character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." (Italics add-ed) Aetna Life Insurance Co. v. Haworth, supra [300 U.S. 227, 57 S.Ct. 464, 81 L. Ed. 617, 108 A.L.R. 1000]. The Act excludes "an advisory decree upon a hypothetical state of facts." Ashwander v. Tennessee Valley Authority, supra [297 U. S. 288, 56 S.Ct. 473, 80 L.Ed. 688].

 It cannot be truly said that the existing validity of any of the policies mentioned in the complaint is involved in this suit. There are cases in which the insurer, prior to action brought, had claimed that the policy had lapsed, or, prior to suit, had repudiated liability under the policy, based on a failure of the insured to pay premiums, insured claiming that the premiums had been waived because of disability, and insurer denying such claim. In such cases the existing validity of the entire policy was involved and, hence, the jurisdictional amount was determined by the face value of the policy. Stephenson v. Equitable Life Assurance Society, supra; Aetna Life Insurance Co. v. Haworth, supra; Pacific Mutual Life Ins. Co. of California v. Parker, 4 Cir., 71 F.2d 872; Bell v. Philadelphia Life Insurance Co., 4 Cir., 78 F.2d 322; New York Life Insurance Co. v. Jones, D.C., 2 F.Supp. 600; New York Life Insurance Co. v. Roe, 8 Cir., 102 F.2d 28, 123 A.L.R. 279. In such cases suit may be brought for a declaratory judgment by either insurer or insured, and the jurisdictional amount exists where the face value of the policy exceeds $3,000, because the validity of the entire policy is actually involved. But the present case is not of that kind. The only matter actually in controversy here is the aggregate of the past due disability payments, amounting to about $200. The complaint alleges that the insured's disability must continue for sixteen months before accruals of disability benefits and premiums, if not paid, would exceed $3,000. It cannot be correctly said that a controversy, which is contingent upon the election of insured as to payment of premiums, and upon the continuation of insured's disability for sixteen months, is a present controversy depending on existing facts. If the Court should now undertake to adjudge anything beyond the controversy as to the past due benefits, it would render a mere opinion advising the parties as to what the law and result would be upon a hypothetical state of facts, which may or may not exist in the future. The Court can determine what facts exist in the present, or have existed in the past, but it cannot

determine what facts will exist in the future. Federal jurisdiction depends on the facts existing at the time suit is commenced and not on what happens thereafter. Ford, Bacon & Davis v. Volentine, 5 Cir., 64 F. 2d 800; Mutual Life Insurance Company of New York v. Rose, D.C., 294 F. 122.

 Furthermore, the insurance policies provide that if the insured becomes "no longer totally disabled, no further disability income payments will be made or premiums waived or refunded." Under the South Carolina decisions in such a case, by which I must be governed in determining the rights and liabilities of the parties, only the rights and liabilities of the parties up to the time of the commencement of the action can be adjudicated. The Court cannot decree that all further premiums shall cease, and that the defendant is entitled to the payment of further and future installments under the policies, or that the defendant be required to pay further and future premiums, or be denied further and future disability payments. Ordiorne v. Prudential Insurance Co., 176 S.C. 69, 179 S.E. 669; Black v. Jefferson Standard Life Insurance Co., supra; Ford v. New York Life Insurance Co., 176 S.C. 186, 180 S.E. 37. All that the Court can decree is that the defendant was or was not totally and permanently disabled on the dates mentioned in the complaint, which adjudication could not determine any rights or liabilities of the parties for any time after the commencement of the action, and would not be *conclusive* of anything except whether or not the plaintiff owed the defendant approximately $200. Therefore, the value of the rights and liabilities of the parties to be determined in this action could not amount to more than approximately $200, not enough to give this Court jurisdiction. To conclude otherwise, in my opinion, it would be necessary to decide that the Declaratory Judgment Act confers additional jurisdiction upon Federal Courts. The character of the controversy and of the issue to be determined is essentially the same, whether it is presented by the insured or by the insurer. It is the nature of the controversy that is determinative, not the method of its presentation. Aetna Life Insurance Co. v. Haworth, supra; Aetna Life Insurance Co. v. Williams, supra.

 Plaintiff seeks to establish the requisite jurisdictional amount by the allegation that a reserve of more than $3,000 has been set up against the insured's claim. This Court denied this specific contention in Stockman v. Reliance Life Insurance Co., supra, quoting from the opinion of Judge Chesnut in Berlin v. Travelers Insurance Co., supra. Judge Chesnut reconsidered this question and rendered another able opinion thereon, to the same result, in Edelmann v. Travelers Insurance Co., supra.

For the reasons stated, the motion to dismiss must be granted. Counsel may present an order in conformity herewith.