## HARTFORD ACCIDENT & INDEMNITY CO. v. SMITH et al.

### Civ. No. 40.

District Court, S. D. Iowa, W. D.

Sept. 16, 1941.

Kimball, Peterson, Smith & Peterson, of Council Bluffs, Iowa, for plaintiff.

J. A. Williams, of Council Bluffs, Iowa, for defendant.

DEWEY, District Judge.

The action is brought by the Hartford Accident and Indemnity Company, a citizen and resident of Connecticut, for a declaratory judgment against its insured, Russell W. Smith, and Marilyn Barton, Faye Thompson, administratrix, and Emil Sulentic, citizens and residents of Iowa.

Petitioner issued an indemnity liability policy to the insured, Russell W. Smith, whereby plaintiff promised to pay on behalf of the insured all sums which he should become obligated to pay by reason of any liability imposed upon him by law for damages sustained by any person or persons, caused by accident and arising out of the ownership or use of one Ford 1940 Pickup Truck; to pay any judgment for personal injuries from the negligent operation of said truck, not to exceed $5,000 for each person injured,

nor to exceed a total of $10,000 for one accident. And said policy provided, among other things, that the company would defend in the name of the insured any suit against him seeking damages on account of any injury, even if such suit is "groundless, false or fraudulent."

Thereafter it appears from the complaint that the insured, Russell W. Smith, and a woman named Marilyn Barton on the evening or night of December 2, 1940, were using the truck for pleasure and both of them were intoxicated; that the defendant Russell Smith left the car for some reason and the woman moved over into the driver's seat and started the car, running it upon the sidewalk and upon and against two pedestrians. One of them, Aaron W. Thompson, was killed, and the other, Emil Sulentic, was injured.

The defendant, Faye Thompson, is administratrix of the estate of Aaron W. Thompson who was thus killed and has brought a suit in the District Court of Iowa in and for Harrison County, Iowa, to recover for damages inflicted upon his estate against Russell W. Smith and Marilyn Barton.

By the complaint for declaratory judgment the Insurance Company claims that it is not liable to either said administratrix or to the defendant Emil Sulentic, because of a statute of the State of Iowa, which reads as follows: "5037.09 Liability for damages. In all cases where damage is done by any car by reason of negligence of the driver, and driven with the consent of the owner, the owner of the car shall be liable for such damage." Also, because one of the provisions of the policy provides as follows: " * * * the unqualified word 'insured' * * * includes not only the named insured but also any person while using the automobile * * * provided the declared and actual use of the automobile is 'pleasure and business,' * * * as defined herein, and provided further the actual use is with the permission of the named insured." And the policy provides: "The term 'pleasure and business' is defined as personal, pleasure, family and business use."

The petition in the State court alleges, among other things: "That shortly prior to the injuries * * * the defendant Russell Smith abandoned said car to the care, custody and control of his co-defendant, Marilyn Barton, with full knowledge of her incapacity to care for, handle and operate said car in a careful and prudent manner and with full knowledge that she was unfamiliar with the mechanism of said car and its method of operation and as owner thereof permitted and consented to his co-defendant operating said car."

The declaratory judgment petition does not claim any actual controversy between plaintiff insurance company and Russell W. Smith, the insured, nor does it charge that Smith has even given notice to the plaintiff to appear and defend or demanded anything of the plaintiff company.

It does allege that it would have to pay any judgment obtained against Russell W. Smith and that at the time of the accident the automobile truck was being driven without the consent of Russell W. Smith, the owner thereof, and for that reason there is no liability to Faye Thompson, administratrix, or to Emil Sulentic, as there is no liability on the part of Russell W. Smith under such circumstances.

Plaintiff demands that the court adjudge that said automobile truck was at the time of the accident in question being driven without his consent and hence that none of the defendants would thereafter have any claim as against the plaintiff upon the policy of insurance.

The defendant, Faye Thompson, administratrix, moves to dismiss this declaratory action on the ground that there is no cause of action or controversy pending in this court conferring jurisdiction upon this court to hear and determine plaintiff's right to the relief therein sought.

It is firmly established, at least in this Circuit, that a declaratory judgment suit may be maintained by an indemnity insurance company against the insured and any party claiming damages against him when a justiciable controversy exists, to test its liability under the terms of the agreements contained in the policy; and this even before there is a judgment or determination of liability against the insured. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Ætna Life Ins. Co. v. Williams, 8 Cir., 88 F.2d 929; New York Life Ins. Co. v. Roe, 8 Cir., 102 F.2d 28, 123 A.L.R. 279; Associated Indemnity Corp. v. Manning, 9 Cir., 92 F.2d 168; Central Surety & Ins. Corp. v. Caswell, 5 Cir., 91 F.2d 607; Farm Bureau Mut. Auto. Ins. Co. v. Daniels, 4 Cir., 92

694

F.2d 838; Central Surety & Ins. Corp. v. Murphy, 10 Cir., 103 F.2d 117.

And this is a right that cannot be controlled by discretion of the court on the ground that such insurer has an adequate or more expeditious remedy at law or in equity. Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261.

But in all these cases there is shown a justiciable controversy between the insured and the insurer.

The petition does not state or arguments show such a controversy here, on the issue of consent to use the car.

The policy covers indemnity for damages caused by a driver of the car "with permission," which is broader than such damages caused by a driver of the car "with consent" of the owner, as permitted to be recovered by the Iowa statute.

The controversy stated in the petition and requested to be determined by the court is, whether Marilyn Barton, at the time of the accident, was driving the car with the consent of the owner. This makes a controversy between the insured and the insurer on the one side and the parties claiming damages on the other.

The controversy must be shown by the petition. Ætna Life Ins. Co. v. Williams, supra.

Under this situation the case of State Farm Mutual Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188, is controlling.

It is there held, in effect, that where the insured as well as the party injured are made parties to a declaratory judgment action by an insurance company and the question for determination will equally affect the rights of the insured and the insurer on one side and the injured parties on the other, then the parties should for jurisdictional questions be aligned as though the insured and the company were parties plaintiff. To do so in this case would make the alignment of the insured a party plaintiff and thus destroy the diversity of citizenship required to give this court jurisdiction. This, I think, should be done in this case and, having made such an alignment, it is apparent that there is no diversity of citizenship, as one of the plaintiffs and the defendants would then be residents and citizens of the State of Iowa and there is no diversity of citizenship.

The Clerk will therefore enter the following order:

This case having been submitted to the court on a motion to dismiss because of lack of jurisdiction of this court and the same being argued and submitted, and being advised; the Court finds that the said motion should be sustained; and it is therefore ordered that this action be, and the same is, hereby dismissed for want of jurisdiction.